FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 NOV 30 PM 2:22

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| versus | NO. 00-0263 |
| **A.J.S., INC., ET AL.** | SECTION "C" (2) |

## ORDER & REASONS

Before the Court is Plaintiff's Motion for Summary Judgment (Rec. Doc. 23). After reviewing the arguments of counsel, the record, and the applicable law, IT IS ORDERED that Plaintiff's Motion for Summary Judgment is HEREBY DENIED.

A district court can grant a motion for summary judgment only when the "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56 (c)). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." Reid v. State Farm Mut. Auto. Ins. Co., 784 F.2d 577, 578 (5th Cir. 1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." Beck v. Somerset Techs., Inc., 882 F.2d 993, 996 (5th Cir. 1989) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

DATE OF ENTRY
NOV 3 0 2000

1

Fee_____
Process__
X Dktd____
CtRmDep__
Doc.No.___

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing Celotex, 477 U.S. at 322 - 24, and Fed. R. Civ. P. 56(e)). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. See Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249 - 50 (citations omitted).

In this case, the United States is attempting to collect on a mortgage issued to Defendants, who have defaulted on their payments. The Government alleges that there is no factual dispute concerning Defendants' obligation to pay. However, the Court finds that there are disputed issues of material fact related to the question of whether the Government should be estopped from foreclosing on Defendants' mortgage. Defendants claim that the Government affirmatively misled them into entering a loan agreement by asserting in an Environmental Impact Statement ("EIS") that no adverse affect or impact would occur to the property currently covered by the mortgage by the release of fresh water from the Caernarvon facility. In reliance on the Government's representations, Defendants utilized the proceeds from the loan to develop an oyster habitat, plant oyster seedlings and construction a reef on the leases located in the areas of the Caernarvon Fresh Water Diversion Project ("the Project"). However, the fresh water flow from the Project was much greater than reflected in the EIS, and as a result, the value of Defendants' oyster leases plummeted from $1,200,000 to $10,196. See Defendants' Exh. D & E.

Defendants argue that the Government should be estopped from foreclosing on the mortgage because Defendants' inability to pay is a direct result of the Government's misrepresentations.

Defendants have proffered the affidavits of two witnesses who assert that Bruce Baird, a representative of the United States Government, held a meeting on January 31, 1997, with members of the oyster industry and other state and federal public officials, and at that meeting, supposedly told the attendees that the oyster fisherman were misled as it related to the flow of water from the Project. See Defendants' Exh. A & B. Defendants have attempted to depose Mr. Baird, but their first request to the United States Attorney was met with a letter asking for more specific details as to the subject of the deposition. See Plaintiff's Exh. H. Four days later, and before any agreement could be reached with regard to scheduling the deposition, the Government filed this Motion for Summary Judgment. The parties have also not yet been able to agree on a time when Defendants can depose Colonel Michael Pifley, the individual who conducted several town meetings advising the oyster industry as to the impact of the Project.

Defendants correctly acknowledge that a party who wishes to estop the Government faces a difficult burden. See United States v. Marine Shale Processors, 81 F.3d 1329, 1348 - 51 (5th Cir. 1996). Whether Defendants will ultimately be able to satisfy the elements of estoppel is not the question currently facing the Court.[1] Defendants have demonstrated that there are disputed issues of material fact concerning the Defendants' defense of equitable estoppel. Plaintiff has not agreed to any continuance of this motion in order to resolve any outstanding factual disputes. See Defendants' Motion in Opposition to Summary Judgment at n.4. This Court finds that the

---

[1] In its Reply Memorandum, the Government argues that Defendants have not and will not be able to prove affirmative misconduct. See Plaintiff's Reply Memorandum at 2 - 5. At this stage in the proceedings (i.e., motion for summary judgment), however, all favorable inferences are drawn on behalf of the non-moving party. Defendants have not yet had the opportunity to depose two witnesses who may offer valuable insight with regard to their estoppel defense. Plaintiff's characterization of the facts arguments represent the legal conclusion it would like the Court to reach, and, as such, are premature.

Government's attempt to dispose of this case through a motion for summary judgment prior to the taking of depositions of Mr. Baird and Colonel Pifley is premature.[2]

Therefore, IT IS ORDERED THAT Plaintiff's Motion for Summary Judgment is HEREBY DENIED.

New Orleans, Louisiana, this 21 day of November, 2000.

                                                HELEN G. BERRIGAN,
UNITED STATES DISTRICT JUDGE

---

[2] The affidavits offered by Plaintiff in its Reply Memorandum, see Reply Memorandum Exh. R-1 & R-2, are insufficient to strip Defendants of their right to depose Mr. Baird.